UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.: 3:13CV26/LC/CJK

STEVEN FOREST CAPPS,
    Petitioner,

v.

MICHAEL D. CREWS,
    Respondent.

**Amended Reply to Respondent's Answer Brief**

And Comes Now the Petitioner and replies to the Respondent's Answer. The Petitioner will rest as to Issues One and Two but presents the following argument as to Issue Three.

The Respondent argues as to Issue Three that the Petitioner is not entitled to be resentenced by the original sentencing judge as that issue is not cognizable via federal habeas corpus review. [Answer Brief at 31]. As a side note, the Respondent misstates the facts pertaining to this issue. The Respondent stated in its Answer that the Petitioner was granted a new sentencing hearing "because the court had scored the offense as a life felony when it actually was a first degree felony." *See* Answer at 8. The argument presented at the postconviction proceedings was that the Petitioner was

incorrectly charged with a Life Felony when Fla. Stat. Sec. 800.04 at the time of the offense was a Second Degree Felony. All trial court documentation at the Petitioner's original sentencing incorrectly utilized the Life Felony criteria instead of the Second Degree Felony criteria. During Postconviction arguments and at resentencing the Second Degree Felony criteria was utilized not First Degree Felony criteria.

The Petitioner was originally sentenced by the Hon. Keith Brace. Following a successful postconviction petition alleging that the Scoresheet erroneously classified his offense as a Second Degree Felony rather than a First Degree Felony, the Petitioner was resentenced by the Hon. John Brown. The Petitioner claimed error as Judge Brown was a successor judge and there was no showing that a successor judge was necessary. This turn of events was contrary to Fla. R. Crim. P., Rule 3.700(c)(1). *See generally* Petition at 6 (Issue III).

The Respondent argues that the issue is not cognizable through federal habeas corpus relief. The Respondent relies on Pifer v. State, 59 So.3d 225 (Fla. 2d DCA 2011) and Jackson v. State, 983 So.2d 562 (Fla. 2008) among others in support of its argument.

Respondent takes the narrow point of view that as this matter is strictly a matter of state procedural law, it is not cognizable through federal habeas review. [Answer at

31]. Respondent frames the argument too narrowly. The issue for this Court to decide is whether the resentencing process constitutes fundamental error.

The Petitioner claims that it is fundamental error for a resentencing judge to sentence the defendant when the substantive sentence is under attack when the original sentencing judge is available.

The Petitioner's argument here is that the original sentencing judge could have sentenced him to a lesser sentence had he had the correct Guidelines at his disposal. The Petitioner received the minimum guideline sentence of 126 months incarceration utilizing an incorrect Scoresheet prepared as if the offense was a life felony. At resentencing the postconviction successor judge gave the defendant the same incarcerative sentence of 126 months when the low-end of the guidelines was 51 months incarceration. *See.* R. 173. The Petitioner states that it was fundamental error not to utilize the original sentencing judge. The Petitioner's argument is that there is a quantifiable effect on the successor sentencing when the original sentencing judge meant what he said when he pronounced a low-end guideline sentence.

> And it is the order of the court at this time that the defendant, Steven Capps, Steven Forrest Capps, be adjudicated guilty of the offense. That he be sentenced to the low end guideline sentence and the court feel[s]

3

> that the in and of itself is a departure from the cap. But I also feel that is an offense of this nature ever deserved a low end guideline, which I'm not certain any of them do, that this one might well fit into that criteria. The low end guideline sentence is a hundred and twenty-six months Department of Corrections which the court imposes at this time to be followed by five years probation. The defendant will be designated a sexual offender." *See* Supplemental Record at 5 – 6.

The issue thus presented is whether it is fundamental error which goes to the foundation of the case or goes to the merits of the cause of action. <u>Jackson v. State</u>, 983 So.2d 562, 568 (Fla. 2008). The Petitioner posits that because the initial improper Scoresheet was contrary to the statutory requirements in its preparation this constituted a "patent, serious error that had a quantifiable effect" on the Defendant's sentencing range. *See* <u>Maddox v. State</u>, 760 So.2d 89, 102-103 (Fla. 2000). The only proper remedy therefore was to send the matter back to the initial sentencing judge for reconsideration of a corrected Scoresheet. This is especially so when the original sentencing judge meant to pronounce the low-end guideline sentence.

Unlike <u>Pifer</u>, the resentencing by a successor judge without a showing of necessity was an error not in the sentencing process but in the consideration of the substantive sentence. *See* <u>Pifer v. State,</u> 59 So.3d 225 at 225-228 Fla. 2d DCA 2011). This constitutes reversible fundamental error and the Petitioner is entitled to relief via a federal habeas corpus petition.

## CERTIFICATE OF SERVICE

I, hereby certify a true and correct copy of the foregoing instrument was mailed to the Honorable Pamela Jo Bondi , Trisha Meggs Pate Bureau Chief Criminal Appeals, Office of the Attorney General, Pl-01 the Capitol, Tallahassee, Florida 32399 by using the CM/EFC service on the 12th day of February, 2014.

/s/ *Glenn M. Swiatek*
GLENN M. SWIATEK,
CRIMINAL DEFENSE
ATTORNEY, P.A
Florida Bar No. 137499
5 Clifford Drive
Shalimar, FL 32579
(850) 609-0940/Office
(850) 609-0944/Fax
Attorney for Petitioner