UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN FOREST CAPPS,

      Petitioner,

v.                                 Case No.  3:13cv26/LC/CJK

JULIE L. JONES,[1]

      Respondent.

_____/

ORDER and
REPORT AND RECOMMENDATION

      Before the court is a counseled petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed an answer (doc. 17), submitting relevant portions of the state court record (doc. 15).  Petitioner supplemented the record (docs. 23) and replied (docs. 32, 34).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and

---

[1] Julie L. Jones succeeded Michael D. Crews as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed. R. Civ. P. 25(d).

attachments before the court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On November 20, 2008, petitioner was charged in Okaloosa County Circuit Court Case No. 08-CF-2602, with one count of lewd or lascivious molestation on a victim less than 12 years of age (petitioner's daughter), in violation of Fla. Stat. § 800.04(5)(b).  (Doc. 15, Ex. A, p. 13).[2]  The offense was alleged to have occurred between January 1, 1999, and December 20, 1999.  (*Id*.).  On February 12, 2009, petitioner, represented by counsel, executed a negotiated written plea and sentencing agreement whereby petitioner agreed to enter a no contest plea to the offense as charged in exchange for the State recommending that petitioner be sentenced to no more than 13 years in prison followed by 5 years of probation.  (Ex. A, pp. 15-19). The plea agreement incorporated by reference the arrest report and probable cause affidavit that were already part of the state court record.  (Ex. A, p. 18).  The court (Circuit Judge Keith Brace) accepted petitioner's plea, adjudicated petitioner guilty and sentenced petitioner on March 25, 2009, to 126 months imprisonment followed by 5 years of probation.  (Ex. A, pp. 84-89; Doc. 23 (Sentencing Tr.)).  Judgment was rendered March 30, 2009.  (Ex. A, pp. 84-92).  An order placing petitioner on probation was entered April 16, 2009, nunc pro tunc to March 25, 2009.  (Ex. A, pp. 95-100).  Petitioner filed a *pro se* notice of appeal,[3] (Ex. C), but the appeal was

---

[2] All references to exhibits are to those provided at Doc. 15, unless otherwise noted.  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

[3] Petitioner was represented by private trial counsel in the trial court and did not seek indigent status.

dismissed on December 22, 2009, for petitioner's failure to file an initial brief.  (Ex. D).

On November 2, 2009, petitioner filed a counseled motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, raising four claims. Petitioner's postconviction counsel is his present habeas counsel, Mr. Swiatek.  (Ex. E, pp. 1-25).  By order entered May 10, 2010, the state circuit court (Circuit Judge John T. Brown) summarily denied three grounds (Grounds I, II and IV) and granted an evidentiary hearing on Ground II.  (Ex. E, pp. 30-32).  The evidentiary hearing was held July 28, 2010, and  November 22, 2010.  (Ex. E, pp. 289-355, 356-454).  On December 7, 2010, the court denied relief on Ground II, but ordered a rehearing of Ground III.  (Ex. E, pp. 135-138).  As to Ground III, the order provided:

> With respect to ground III of the Defendant's motion, the Court originally summarily denied this claim in its May 5, 2010 [sic] order. The Court has now reconsidered the argument made by the Defendant in his motion that he was misinformed with respect to the maximum sentence he was facing and sentenced pursuant to an incorrect scoresheet and, sua sponte, orders a rehearing.
>
> The Defendant claims the crime for which he was convicted was improperly charged as a life felony.  The plea agreement signed by the defendant and his trial attorney along with the judgment and sentence both refer to the offense as a life felony.
>
> It appears the Defendant is correct that the offense for which he was charged, at the time it was committed, was not a life felony.FN2 The offense, according to the information, occurred between January 1, 1999 and December 20, 1999.  Since the offense was scored as a life felony on the Defendant's scoresheet and he was sentenced to the bottom of the guidelines, any error in the scoresheet cannot be considered harmless and the defendant is entitled to be sentenced with a correct scoresheet.  The Court also notes that the Defendant may be

entitled to withdraw his plea on the basis that he was misinformed that
he was facing a life felony by trial counsel.

> FN2   <u>McDonald v. State</u>, 15 So.3d 695 (Fla. 5th DCA
> 2009.) (Crime of lewd or lascivious molestation became a
> first degree felony effective October 1, 1999 and became
> a life felony on September 1, 2005.)

Therefore, it is:

**ORDERED AND ADJUDGED** that the Defendant's motion with
respect to ground II is **DENIED**.  A rehearing is granted with respect to
ground III and a hearing on the matter will be scheduled at a later date.
At the hearing the State and defense will present legal argument only as
to what the maximum sentence was for the charged offense, what the
minimum guidelines sentence would be with a corrected scoresheet and
whether or not the Defendant should be allowed to withdraw his plea
based on the misadvice he received regarding the statutory maximum.

(Ex. E, pp. 137-38) (footnote 3 omitted).  A hearing was held on March 28, 2011.
(Ex. E, pp. 455-476).  Petitioner, represented by counsel, advised the court that he
was withdrawing Ground III as a Rule 3.850 issue and pursuing it solely under Rule
3.800(a) for the purpose of obtaining a corrected sentence.  (Ex. E, p. 457).  The
parties stipulated that petitioner would be resentenced for his offense of conviction
as a second degree felony under the version of Fla. Stat. § 800.04 in effect in 1998.
(*Id*., pp. 457, 461-62).

In an order issued March 30, 2011, the court indicated that Ground III was
proceeding "on the Defendant's Motion to Correct Sentence pursuant to Florida Rule
of Criminal Procedure 3.800(a)", noting that "Defendant withdrew all other issues
at the hearing held March 28, 2011." (Ex. E, p. 140 and n.1).  The court determined:

The Defendant's original scoresheet incorrectly listed the primary offense as a first degree felony rather than a second degree felony punishable as a level 7 offense. The total sentencing points, according to the new scoresheet as calculated by the court, is now 96 points which reflects a minimum guidelines sentence of 51 months DOC.

(Ex. E, p. 140). The court scheduled the matter for a sentencing hearing, which was held on April 12, 2011. (Ex. E, pp. 142, 172-288). At the April 12, 2011 hearing, the court allowed the parties to present evidence and argument concerning the appropriate sentence, and resentenced petitioner to 126 months imprisonment with credit for time served followed by 54 months of probation. (Ex. E, p. 283-88). Following the hearing, the court issued the following written order on April 20, 2011:

THIS CAUSE having come before the Court on the Defendant's Motion to Correct Sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) and the Court having reviewed same and conducted a re-sentencing hearing on April 12, 2011, finds as follows:

The Defendant was previously sentenced on March 25, 2009 to 126 months DOC to be followed by 60 months of probation for one count of lewd or lascivious molestation, a violation of section 800.04(5) Florida Statutes. He was also designated as a "sexual predator" pursuant to section 775.21, Florida Statutes. Because the offense was improperly scored as a first degree felony rather than a second degree felony, however, the Defendant was granted another sentencing hearing.FN1

FN1  Although lewd or lascivious molestation is now a first degree felony, at the time of the offense it was a second degree felony.

The Court, after careful consideration of the testimony at the resentencing hearing, hereby VACATES the previously imposed sentence and resentences the Defendant in case 08-CF-2602 to 126 months DOC to be followed by 54 months of probation for the crime of lewd or lascivious molestation. The Defendant is also designated as a

> sexual *offender*, rather than a sexual predator.  The Defendant is entitled
> to all prior jail and prison credit for this offense.

(Ex. E, pp. 154-55).  An amended judgment and sentence was rendered April 27,

2011.  (Ex. E, pp. 160-68).

On August 10, 2011, petitioner filed a counseled motion for postconviction

relief under Florida Rule of Criminal Procedure 3.800(b)(2), arguing that his

resentencing should have been conducted by the original sentencing judge.  (Ex. E,

pp. 600-07).  The state circuit court denied relief.  (*Id*., p. 610).

On September 2, 2011, petitioner filed a counseled second motion for

postconviction relief under Florida Rule of Criminal Procedure 3.800(b)(2), arguing

that the written amended judgment and sentence did not comport with the oral

pronouncement of sentence at resentencing; that the resentencing judgment and

sentence improperly increased the costs imposed at the original sentencing; and that

the scoresheet attached to the amended judgment and sentence contained various

errors.  (*Id*., pp. 613-630).  The state circuit court granted relief in part, and directed

the preparation of an amended judgment and sentence correcting the offense level.

(*Id*., pp. 631-633).  A second amended judgment and sentence was rendered

September 22, 2011.  (*Id*., pp. 638-43).  Petitioner appealed and filed a counseled

initial brief.  (Ex. F).  The Florida First District Court of Appeal ("First DCA") per

curiam affirmed on June 22, 2012, without a written opinion.  *Capps v. State*, 90 So.

3d 275 (Fla. 1st DCA 2012) (Table) (copy at Ex. I).  The mandate issued July 10,

2012.

Petitioner filed his counseled federal habeas petition in this court on January

16, 2013.  (Doc. 1).  The petition raises three claims:  (1) petitioner was denied due

process during his original sentencing proceeding because there was an *ex parte*

communication between petitioner's former wife (Shirley Capps) and the sentencing judge (Judge Brace); (2) petitioner's trial counsel was ineffective for failing to pursue and investigate the viability of a voluntary intoxication defense; and (3) there was an error in petitioner's resentencing because petitioner was resentenced by a successor judge when the original judge was available.  (Doc. 1, pp. 3-7).  Respondent asserts petitioner is not entitled to federal habeas relief because Ground One is moot, Ground Two is procedurally defaulted, and Ground Three presents a purely state law issue that is not cognizable on federal habeas review.  (Doc. 17, pp. 20-32).

## DISCUSSION

Ground One         "The Defendant is entitled to a new trial because there were ex parte communication[s] between a witness and the trial judge which went undisclosed to the Defendant."  (Doc. 1, pp. 3-4).

Petitioner claims he was deprived of due process at his original 2009 sentencing before Judge Brace when the Department of Corrections' Probation and Parole Office submitted an *ex parte* memorandum to Judge Brace, providing a letter from petitioner's former wife in which she requested that petitioner be sentenced to a term of incarceration as opposed to a suspended sentence.  The allegedly *ex parte* communications (the memo and letter) are part of the state court record.  (Ex. B, pp. 29, 30).  The memorandum by the Probation and Parole Office accompanying Ms. Capps' letter states:

> Judge Brace,
>
> Attached is a letter from the victims [sic] exwife, Shirley Capps, and mother of the victim in this case.  When I talked with her on February 26th she said she would mail it to me and she did, recently. She asked that I include it with the PSI for you to review but she did not

want her husband to know about it.  The reasons for this were he made financial promises to her if she signed a letter for him, prepared by himself and his attorney.

Ms. Capps stated that her exhusband was in the process of setting up allotments and she needed the money and benefits he was promising to care for their daughter while he went to prison.  She has represented her true feelings about the case and how she feels he should be sentenced in the attached letter to you.

(Ex. B, p. 29).  Ms. Capps' letter, dated February 26, 2009, states:

Dear Judge Brace,

This letter is to clarify my feelings in the case of my ex husband, Steven Capps.  His lawyer will be giving you a letter that he wrote himself and I signed, because he said if I did he would pay me child support for an extra 4 years while [the victim] is in college.  He is also allowing me to claim her as a dependent on my income taxes every year instead of every other year, and paying my share of the college fund from now on.  I feel the need to appear to cooperate with him because I rely heavily on the money he provides.  His letter states that he needs to work in order to help support us, but this is not true.  His Air Force retirement will more than cover what he is giving us.  He has allotments set up for us in the case that he goes to jail, so financially we will not be affected.  We have signed documents changing out divorce agreement. I see no reason why he should not be held accountable for what he did to our daughter.  He should be responsible for his actions and punished accordingly.  His letter also states that I want control of when he can see [the victim].  I don't.  He will badger me continually if this were the case.

I appreciate the opportunity to express to you how I really feel.

(Ex. B, p. 30).  Petitioner claims Judge Brace did not disclose the letter to petitioner or his trial counsel, and that this deprived petitioner of due process (his right to be present at every critical stage of his criminal proceeding, his right to the effective

assistance of counsel, and his right to an impartial finder of fact) which requires that his sentence be vacated. (Doc. 1, pp. 3-4). Petitioner raised this issue as Ground I of his Rule 3.850 motion. The state circuit court denied relief on the merits, as follows:

> **Ground I** – The Defendant first claims that he is entitled to a new trial "because there were ex parte communication[s] between a witness and the trial judge. . . ." The Court first notes that the Defendant entered into a plea agreement with the State and did not proceed to trial. In any event, the Court has reviewed the letter and can find no basis for relief. The letter, attached, was prepared by the Defendant's ex-wife and was part of the record at sentencing. The Court finds that the letter was not an ex parte communication and that, even [if] it was, it would not entitle the Defendant to withdraw his plea since no prejudice can be established.

(Ex. E, p. 2). The First DCA summarily affirmed.

Respondent asserts this issue is moot, because the letter was created for, and relates only to, petitioner's sentencing (as opposed to his conviction), and even if petitioner was not aware of the letter before his original sentencing hearing before Judge Brace, the remedy would be for petitioner to receive a new sentence by a different, impartial sentencing judge, which petitioner received on April 12, 2011. (Doc. 17, p. 23). Petitioner's counseled reply declines to address the mootness issue, indicating merely that petitioner "will rest" on his habeas claim. (Doc. 34, p. 1).

"A claim must be dismissed as moot if the issue presented is no longer 'live,' such that the courts cannot grant meaningful relief." *Gorrell v. Hastings*, 541 F. App'x 943, 946 (11th Cir. Sept. 24, 2013) (*citing Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (dismissing as moot an appeal of a § 2241 habeas petition seeking relief from a lengthy detention pending removal because alien had been returned to his native country)); *Powell v. McCormack*, 395 U.S. 486, 496,

89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") When a party "has already received the relief that he is seeking from this Court, . . . the issue is no longer live." *United States v. Beltran-Gabito*, 280 F. App'x 861, 863 (11th Cir. 2008) (*citing 31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003)).

The remedy for the denial of procedural due process during sentencing is resentencing. *See Gardner v. Florida*, 430 U.S. 349, 362, 97 S. Ct. 1197, 1207, 51 L. Ed. 2d 393 (1977) (holding that the appropriate remedy for the denial of the defendant's due process rights during sentencing was to remand the case to the state court for resentencing at the trial court level; noting that, "[p]etitioner's conviction, of course, is not tainted by the error in the sentencing procedure."); *United States v. Zavala-Marti*, 715 F.3d 44, 54-56 (1st Cir. 2013) (concluding that "the fairness of the original sentencing proceeding was compromised" by the district court's consideration of information obtained during an *ex parte* meeting with the probation department, and that the appropriate remedy was for the district court to consider the appropriate sentence anew by conducting a complete resentencing); *United States v. Reese*, 775 F.2d 1066, 1077-78 (9th Cir. 1985) (remanding for resentencing because there was a "serious question" concerning the possibility that the sentencing judge relied on *ex parte* materials submitted by the prosecutor); *Gonzalez v. Kuhlman*, 911 F. Supp. 120, 127 (S.D. N.Y. 1995) (granting federal habeas relief on claim that sentencing judge violated due process when he enhanced defendant's sentence based on other crimes for which defendant had not been convicted, where conduct in question was disputed and sentencing court made no determination as to whether the

conduct had been established by a preponderance of the evidence; requiring, as the remedy, that petitioner be discharged from state custody unless he was resentenced within a time certain).

Petitioner's original sentence imposed by Judge Brace has been vacated and petitioner has been resentenced. (Ex. E, pp. 154-55). Accordingly, petitioner can no longer be granted effective relief on his challenge to his original sentence, and Ground One must be denied as moot. *See e.g., Wright v. Lazaroff*, 643 F. Supp. 2d 971, 1009 (S.D. Ohio 2009) (federal habeas petitioner's claim that his original sentence violated due process was mooted by petitioner's resentencing); *Falcone v. Lewis*, 29 F.3d 631, at *2 (9th Cir. 1994) (Table) (same); *Honrine v. McNeil*, No. 5:07cv227/MCR/EMT, 2009 WL 96112, at *18 (N.D. Fla. 2009) (same).

<u>Ground Two</u>          "Defendant's trial counsel was ineffective in failing to present a voluntary intoxication Defense and the Defendant is entitled to a new trial." (Doc. 1, p. 5).

Petitioner claims trial counsel was ineffective for failing to "raise", or at a minimum investigate, a voluntary intoxication defense. (Doc. 1, p. 5). In support of this claim, petitioner alleges he informed his trial counsel that at the time he committed the offense he was intoxicated and suffering from alcohol addiction arising from his divorce proceeding. Petitioner alleges trial counsel advised him that voluntary intoxication was not a viable defense because such defense did not exist in the State of Florida. (Doc. 1, p. 5). Petitioner asserts he raised this claim in state court "in the initial Postconviction Motion and on Appeal." (Doc. 1, p. 5).

Respondent asserts this claim is procedurally defaulted because petitioner did not argue this issue in his postconviction appeal and is barred by state procedural rules from filing a second postconviction appeal. (Doc. 17, p. 25). Petitioner's

counseled reply declines to address respondent's procedural default defense, stating instead that petitioner "will rest" on his habeas claim.  (Doc. 34, p. 1).

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[4] thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78.  A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526

---

[4] Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

     (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

"In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial." *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979). In an appeal of a Rule 3.850 order after an evidentiary hearing, the

movant is required to file an appellate brief and to address all arguments in his brief that he wishes to preserve for appellate review.  Submission of a brief without argument on a particular claim results in waiver of that claim.  *Atwater v. Crosby*, 451 F.3d 799, 809-810 (11th Cir. 2006) ("Pursuant to [Florida] state procedural rules, abandonment of an issue results from submission of a brief without argument thereon in an appeal of an order denying [postconviction] relief after an evidentiary hearing."); *Shere v. State*, 742 So.2d 215, 224 n. 6 (Fla. 1999) ("In a heading in his brief, Shere asserts that the trial court erred by summarily denying nineteen of the twenty-three claims raised in his 3.850 motion.  However, for most of these claims, Shere did not present any argument or allege on what grounds the trial court erred in denying these claims.  We find that these claims are insufficiently presented for review."); *Duest v. Dugger*, 555 So.2d 849 (Fla. 1990) ("Duest also seeks to raise eleven other claims by simply referring to arguments presented in his motion for postconviction relief.  The purpose of an appellate brief is to present arguments in support of the points on appeal.  Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived").

Petitioner presented this ineffective assistance claim as Issue II of his Rule 3.850 motion, and received an evidentiary hearing on the claim.  Following the denial of postconviction relief, petitioner appealed and filed a counseled initial brief.  Petitioner's initial brief did not present any argument concerning the trial court's denial of this claim.  (*See* Ex. F).  By failing to brief the issue, petitioner waived it.  Petitioner is barred by state procedural rules from returning to state court to invoke one complete round of Florida's appellate review process.  Thus, Ground Two is

procedurally defaulted from federal habeas review. *Atwater*, 451 F.3d at 810 (holding that habeas petitioner procedurally defaulted ineffective assistance claim where he failed to argue the issue in his initial brief on appeal from the denial of postconviction relief, and therefore abandoned it).   Petitioner has made none of the requisite showings to excuse his procedural default.   Petitioner's procedural default bars federal habeas review of Ground Two.

Ground Three        "The Defendant sites [sic] an error [in] the judgment and sentence imposed as it was wrongly imposed by a successor judge." (Doc. 1, p. 6).

In his final claim for relief, petitioner claims he was denied due process because he was resentenced by a successor judge (Judge Brown) "when the original judge who sentenced the defendant [Judge Brace] was available." (Doc. 1, pp. 6-7). Petitioner alleges in support of this claim that Judge Brace's intent, as evidenced by the transcript of the original sentencing hearing, was to sentence petitioner to the lowest permissible prison sentence under the guidelines, which Judge Brace erroneously believed was 126 months.   Petitioner alleges that, as found by the postconviction court, the lowest permissible prison sentence under the guidelines was 51 months.   Petitioner maintains that although Judge Brace was retired at the time of resentencing, he had also been retired at the time of petitioner's original sentencing and was available to conduct the resentencing as evidenced by his continued adjudication of other cases in the Okaloosa County Circuit Court.   Petitioner asserts that had Judge Brace performed petitioner's resentencing with the correct information, "there is a reasonable possibility that the Defendant could have received the low end of the correct sentencing guidelines.   Only Judge Brace can answer that

question as a successor judge would wrongly be guessing what Judge Brace's thought process was in deciding upon a sentence." (Doc. 1, p. 7).

Respondent asserts this claim is not cognizable on federal habeas review because it presents the purely state law issue of whether petitioner's resentencing by Judge Brown violated Florida Rule of Criminal Procedure 3.700(c)(1).[5] (Doc. 17, pp. 29-32). Petitioner replies that his claim is cognizable on federal habeas review, because it "constitutes fundamental error." (Doc. 34, pp. 3-4). Petitioner's petition and reply cite no federal law supporting Ground Three, but instead rely exclusively on state law. (Doc. 1; Doc. 34). As relief, petitioner argues his judgment and sentence should be vacated and the matter "sent back to the Circuit Court for Judge Brace's consideration." (Doc. 1, p. 7).

Petitioner challenged his resentencing by a successor judge in his first Rule 3.800(b)(2) motion, where he argued that his sentence "was imposed in violation of the Constitution or laws of the United States or the State of Florida," because he "should have been resentenced by the original sentencing judge pursuant to Rule 3.700(c)(1)." (Ex. E, p. 601). Petitioner argued that there was no showing of "necessity" as required by Rule 3.700(c)(1), (*id*., p. 603), and that Judge Brown "wrongly concluded that Judge Brace was unavailable for resentencing." (*Id*., p. 606). The state circuit court denied relief, explaining that "the issue of whether the original sentencing judge should have handled the case is not cognizable in a motion

_____

[5] Florida Rule of Criminal Procedure 3.700(c)(1) provides:

In any case, other than a capital case, in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.

to correct sentencing error. Since the issue cannot be addressed in a Rule 3.800(b)(2) motion and the sentence imposed by the Court is otherwise lawful, the Defendant's claim is without merit." (*Id.*, p. 610). Petitioner raised the issue on appeal, arguing that the rejection of his claim "constitutes reversible error." (Ex. F, pp. 17, 22-33). Petitioner's arguments relied exclusively on state law. The state appellate court summarily affirmed. (Ex. I).

Respondent is correct that petitioner's claim involves a purely state law question. Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659 (1983) (stating that "[m]ere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983) (holding that a state's interpretation of its own laws does not provide a basis for federal habeas relief). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger*, 941 F.2d 1551 (11th Cir. 1991) (*quoting Carrizales, supra*).

In *Ferguson v. Sec'y for Dep't of Corr.*, 580 F.3d 1183 (11th Cir. 2009), the Eleventh Circuit, faced with a claim that the federal habeas petitioner was denied due process when he was resentenced by a successor judge without holding an evidentiary hearing to permit the introduction of further mitigating evidence, noted that the claim

"likely involves solely state law issues that could not serve as the basis for a federal habeas claim." *Id*. at 1211-12 (*citing Hendrix v. Sec'y, Fla. Dep't of Corr.*, 527 F.3d 1149, 1153 (11th Cir. 2008)); *see also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (holding that a state court's error in applying its own sentencing provisions is not cognizable on federal habeas corpus review, even when it is "couched in terms of equal protection and due process").

Even assuming *aguendo* that petitioner's claim involves a federal constitutional principle, and even further assuming to petitioner's benefit (without deciding) that he properly exhausted the federal constitutional nature of his claim in state court, petitioner still is not entitled to relief under 28 U.S.C. § 2254. Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

Petitioner cannot satisfy § 2254(d)(1), because there is no Supreme Court precedent clearly establishing that a state defendant's resentencing by a successor

judge in the circumstances presented here violates due process.  Petitioner was sentenced by Judge Brown following the retirement of Judge Brace and Judge Brace's assignment to mortgage foreclosure cases.  (Ex. E, pp. 175-76).  Prior to sentencing petitioner, Judge Brown familiarized himself with  the case file and the facts concerning petitioner's plea and offense, corrected the errors that occurred during petitioner's original sentencing, and conducted a resentencing hearing at which the parties were permitted to present argument and evidence relevant to sentencing.  Given the lack of clearly established Supreme Court precedent regarding the issue petitioner raises, the state court's decision was contrary to or an unreasonable application of clearly established federal law.  *See Wright v. Van Patten*, 552 U.S. 120, 126, 128 S. Ct. 743, 747, 169 L. Ed. 2d 583 (2008) ("Because our cases give no clear answer to the question presented, let alone one in Van Patten's favor, it cannot be said that the state court unreasonably applied clearly established federal law.") (internal quotation marks omitted); *Schriro v. Landrigan*, 550 U.S. 465, 478, 127 S. Ct. 1933, 1942, 167 L. Ed. 2d 836 (2007) (The Arizona Supreme Court did not unreasonably apply federal law because "we have never addressed a situation like this."); *Carey v. Musladin*, 549 U.S. 70, 77, 127 S. Ct. 649, 654, 166 L. Ed. 2d 482 (2006) ("Given the lack of holdings from this Court regarding the potentially prejudicial effect of spectators' courtroom conduct of the kind involved here," the denial of relief by the California Court of Appeal "was not contrary to or an unreasonable application of clearly established federal law.").

Petitioner also has not shown that the state court unreasonably determined the facts.  Prior to resentencing petitioner, Judge Brown found that it was necessary for him to conduct the resentencing because Judge Brace was retired and his duties as a senior judge were confined to mortgage foreclosure actions.  (Ex. E, p. 175-76).  This

court cannot say that "no 'fairminded jurist' could agree with the state court's determination." *See Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012) ("A state court's . . . determination of facts is unreasonable only if no 'fairminded jurist' could agree with the state court's determination. . . .").

Petitioner is not entitled to federal habeas relief on Ground Three.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Julie L. Jones has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Steven Forrest Capps*, Okaloosa County, Florida, Circuit Court Case Number 08-CF-2602, be DENIED, and the clerk be directed to close the file.

2.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 5th day of February, 2015.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).